IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **DONALD JACOBS** | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. |
| vs. | § § § | |
| **GEORGIA HIGH SCHOOL ASSOCIATION** | § § § § | |
| Defendant. | § § § | |

## COMPLAINT

Plaintiff, Donald Jacobs, by and through undersigned counsel, respectfully files this Complaint and alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff, a deaf basketball referee, brings this lawsuit against the Georgia High School Association (GHSA), alleging that GHSA discriminated against him on the basis of disability by refusing to provide qualified sign language interpreters to ensure effective communication at training camps that it runs for basketball referees, in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.*, Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and section 504 of the Rehabilitation Act, 29 U.S.C. § 794. As a result of GHSA's refusal to provide qualified sign language interpreters, Mr. Jacobs has not had an opportunity equal to that of his hearing peers to participate in and benefit from the camps, resulting in lower evaluations

1

that have limited his abilities to work higher-paying games.  Mr. Jacobs brings this lawsuit to compel Defendant to cease its unlawful discriminatory practices and to provide qualified sign language interpreters to ensure effective communication and a full and equal opportunity to participate in and benefit from all that GHSA offers individuals similarly situated to him. Mr. Jacobs seeks declaratory and injunctive relief, compensatory damages, and attorneys' fees and costs.

## PARTIES

1. Plaintiff Donald Jacobs resides in Clarkston, Georgia.

2. Defendant Georgia High School Association is an organization created by public high schools in Georgia to, *inter alia*, oversee and regulate interscholastic sports in the State of Georgia.  Defendant's principal place of business is located at 151 South Bethel Street, Thomaston, Georgia 30286.  Defendant is a recipient of federal financial assistance and its annual budget for fiscal year 2017 was approximately $4,300,000.00.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this claim pursuant to 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in the Middle District of Georgia pursuant to 28 U.S.C. § 1391 because: (i) Mr. Jacobs resides within the District; (ii) Defendant operates within the District and has sufficient contacts within this District to subject Defendant to personal jurisdiction at the time this action is commenced; and (iii) the acts and omissions giving rise to this Complaint have occurred within this District.

**FACTUAL ALLEGATIONS**

5. Mr. Jacobs is deaf. He is substantially limited in the major life activities of hearing and speaking.

6. Mr. Jacobs is a basketball referee.

7. GHSA regulates the provision of basketball referees for interscholastic events in the State of Georgia.

8. Each year, GHSA oversees annual basketball referee training camps.

9. At these camps, referees receive training and are evaluated according to their skill levels.

10. Tier 1 and Tier 2 referees are able to work varsity and postseason games.

11. Tier 3 referees have only a limited ability to work varsity and postseason games. Tier 3 referees also receive lower pay.

12. To obtain Tier 1 or Tier 2 ratings, a basketball referee must attend the GHSA referee camps for training and receive an evaluation that results in assignment of a tier level.

13. In 2016, Mr. Jacobs requested that GHSA provide qualified sign language interpreters for the referee camps.

14. GHSA refused to provide qualified sign language interpreters.

15. Mr. Jacobs attended the referee camp and was unable to understand the spoken English that took place during the training and evaluation process.

16. As a result, Mr. Jacobs was assigned a Tier 3 rating, limiting his ability to work varsity and postseason games. He also received lower pay for his referee work.

17. In 2017 and 2018, Mr. Jacobs again attended the referee camps without qualified sign language interpreters and was again unable to understand the spoken English at the camps. He was again placed in Tier 3 with an adverse impact on his ability to work varsity and postseason games and receive higher pay.

18. In August 2018, the National Association of the Deaf (NAD) sent GHSA a letter on behalf of Mr. Jacobs requesting that GHSA provide qualified sign language interpreters for Mr. Jacobs at these referee camps.

19. GHSA responded in writing that it would not provide qualified sign language interpreters.

20. Defendant has and will continue to discriminate against individuals who are deaf or hard of hearing, including Mr. Jacobs, on the basis of disability by refusing to provide qualified sign language interpreters or other effective auxiliary aids and services at referee camps.

21. Mr. Jacobs plans to attend future GHSA basketball referee camps.

22. GHSA's annual budget for the fiscal year ending in June 2017 was approximately $4,300,000.00.

23. GHSA is a direct and/or indirect recipient of federal financial assistance distributed to it through member schools and/or grants.

24. Mr. Jacobs experienced humiliation, aggravation, stress, loss of dignity, mental anguish, and emotional distress as a result of GHSA's refusal to provide qualified sign language interpreters at the training camps.

25. Mr. Jacobs was further injured when he was forced to take less desirable referee jobs paying less money as a result of inaccessible training camps that resulted in his being assigned only a Tier 3 rating.

26. Until Defendant begins providing sign language interpreters to Mr. Jacobs during its camps, he will continue to experience the injuries identified above.

## COUNT I: TITLE II OF THE AMERICANS WITH DISABILITIES ACT

27. Plaintiff repeats and realleges the foregoing paragraphs in support of this claim.

28. Mr. Jacobs is substantially limited in the major life activities of hearing and speaking. Accordingly, he is an individual with a disability as defined under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12102(2).

29. Mr. Jacobs is a qualified individual with a disability as defined under 42 U.S.C. § 12131(2) because he is a referee eligible to attend and participate in the training camps.

30. Defendant is a public entity subject to Title II of the Americans with Disabilities Act because it is, *inter alia*, a "department, agency, special purpose district, or other instrumentality of a State or States or local government." It is, *inter alia*, an instrumentality of public schools created to coordinate interscholastic events between public schools.

31. Public entities must provide auxiliary aids and services such as qualified sign language interpreters to ensure that communication with deaf individuals is as effective as communication with others. 28 C.F.R. § 35.160 (effective communication

mandate); 28 C.F.R. § 35.104 (defining auxiliary aids and services to include qualified interpreters).

32. Public entities must give primary consideration to the deaf individual's requested auxiliary aid and service. 28 C.F.R. § 35.160(b)(2).

33. Defendant has discriminated against Plaintiff and continues to discriminate against Plaintiff by refusing to provide the qualified sign language interpreters necessary for him to have meaningful access to the referee camps that Defendant oversees each year.

34. Defendant has intentionally discriminated against Plaintiff and continues to intentionally discriminate against Plaintiff because, *inter alia*, it was aware of Mr. Jacob's requests for qualified sign language interpreters and it denied his requests for such sign language interpreters.

**COUNT II: TITLE III OF THE AMERICANS WITH DISABILITIES ACT**

35. Plaintiff repeats and realleges the foregoing paragraphs in support of this claim.

36. Mr. Jacobs is substantially limited in the major life activities of hearing and speaking. Accordingly, he is an individual with a disability as defined under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12102(2).

37. Mr. Jacobs is a qualified individual with a disability because he is a referee eligible to attend and participate in the training camps.

38. Defendant owns, leases, manages, and/or operates activities that take place at places of exhibition or entertainment, places of public gathering, service establishments, places of recreation, places of education, and places of exercise or

recreation, which are place of public accommodation as defined under Title III of the ADA, 42 U.S.C. § 12181(7)(C), (D), (F), (I), (J), (K), and (L).

39.     Title III of the ADA prohibits discrimination on the basis of disability "in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodations . . ." 42 U.S.C. § 12182(a).

40.     Pursuant to Title III of the ADA and its implementing regulations, a public accommodation cannot deny participation or offer unequal or separate benefit to individuals with disabilities.  A public accommodation is required to administer its programs and activities in the most integrated setting appropriate to meet the needs of qualified individuals with disabilities.  42 U.S.C. § 12182(b)(1)(A) and (B); 28 C.F.R. §§ 36.202; 36.203.

41.     Pursuant to Title III of the ADA and its implementing regulations, a public accommodation shall furnish the auxiliary aids and services necessary for effective communication with individual with disabilities.  This includes qualified sign language interpreters.  42 U.S.C. § 12182(b)(2)(A)(iii); 28 C.F.R. § 36.303(1).

42.     Defendant has failed to take such steps as are necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals.  Because of the absence of qualified sign language interpreters, Defendant is discriminating, and will continue to discriminate, against Plaintiff in violation of Title III of the ADA.  42 U.S.C. § 12182(b)(2)(A)(iii).

43.     Defendant has discriminated and will continue to discriminate against Plaintiff because Defendant has denied and is denying Plaintiff an equal opportunity to

achieve the same benefits that other basketball referees obtain by participating in the summer referee camps.

## COUNT III: SECTION 504 OF THE REHABILITATION ACT

44. Plaintiff repeats and realleges the foregoing paragraphs in support of this claim.

45. Mr. Jacobs is an individual with a disability because he is substantially limited in the major life activities of hearing and speaking.

46. Mr. Jacobs is a qualified individual with a disability because he is a referee eligible to attend and participate in the training camps.

47. Defendant is a recipient of direct and/or indirect federal financial assistance because it, *inter alia*, receives federal financial assistance distributed to it through member schools and/or grants.

48. Recipients of federal financial assistance are prohibited from discriminating against individuals with a disability on the basis of disability. 29 U.S.C. § 794(a).

49. Defendant has discriminated against Plaintiff and continues to discriminate against Plaintiff by refusing to provide the qualified sign language interpreters necessary for him to have meaningful access to the summer referee camps that Defendant conducts each year.

50. Defendant has intentionally discriminated against Plaintiff and continues to intentionally discriminate against Plaintiff because, *inter alia*, it was aware of Mr. Jacob's requests for qualified sign language interpreters and it denied his requests for such sign language interpreters.

**RELIEF**

Plaintiff respectfully requests that this Court provide the following relief:

a.    issue a declaratory judgment that Defendant's policies, procedures, and practices subjected Mr. Jacobs to discrimination in violation of Title II of the ADA, Title III of the ADA, and section 504 of the Rehabilitation Act;

b.    enjoin Defendant from implementing or enforcing any policy, procedure, or practice that denies individuals who are deaf or hard of hearing, such as Plaintiff, full and equal enjoyment to and an equal opportunity to participate in and benefit from Defendants' services or programs;

c.    enjoin Defendant from implementing or enforcing any policy, procedure, or practice that limits or restricts individuals who are deaf or hard of hearing, such as Plaintiff, from obtaining meaningful access or full and equal enjoyment of Defendant's referee camps;

d.    order Defendant to develop and comply with written policies, procedures, and practices to ensure that Defendant does not discriminate in the future against Plaintiff and other similarly situated individuals who are deaf, hard of hearing

e.    order Defendant to train all representatives and employees about Plaintiff's rights and the rights of individuals who are deaf, hard of hearing, as well as provide training on Defendant's policies and procedures on making Defendant's services, activities, and programs;

f.    award Plaintiff compensatory damages;

g.    award Plaintiff his attorney's fees and costs;

  h. award any and all other relief that this Court finds necessary and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury for all issues so triable.

Date: January 3, 2019      Respectfully submitted,

            By: s/Devon Orland
               Devon Orland, GA Bar No. 554301
               Litigation Director
               Georgia Advocacy Office
               1 West Court Square
               Suite 625
               Decatur, Georgia 30030
               Phone: (404) 924-4707
               Fax: (404) 378-0031
               dorland@thegao.org

               Marc Charmatz*
               National Association of the Deaf
               Law and Advocacy Center
               8630 Fenton Street, Suite 820
               Silver Spring, MD 20910
               Phone: (301) 587-7732
               Fax: (301) 587-1791
               marc.charmatz@nad.org

               Michael Steven Stein*
               Martha M. Lafferty*
               Stein & Vargas, LLP
               10 G Street NE, Suite 600
               Washington, DC 20002
               Phone: (202) 510-9553
               Fax: (888) 778-4620
               michael.stein@steinvargas.com
               martie.lafferty@steinvargas.com

               *pro hac vice applications to be filed*

               *Attorneys for Plaintiff*